CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 9 2013

JULIA C. DUDLEY, CLERK
BY: 
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JERRY L. ADAMS,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:13-cv-00550** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **GOV. BOB McDONNELL, ET AL,** | ) | **By:    Samuel G. Wilson** |
| **Defendant(s).** | ) | **United States District Judge** |

This is an *in forma pauperis*, *pro se*, action for damages and injunctive relief pursuant to 42 U.S.C. §1983 by plaintiff, Jerry L. Adams against Bob McDonnell, the Governor of Virginia, Harold W. Clark, the Director of the Virginia Department of Corrections and Gerald A. McPeak, Superintendent of the New River Valley Regional Jail. Adams complains that he is a "long-term felon," that he has been awaiting transfer to a state facility longer than 90 days, and that, in violation of the Equal Protection Clause of the 14th Amendment, while he is awaiting transfer he is being denied opportunities available to inmates who have already been transferred to state correctional facilities. The court *sua sponte* dismisses pursuant to 28 U.S.C. §1915A.

I.

Adams claims that he has been awaiting transfer from the New River Valley Regional Jail to a state correctional facility "more than ninety days." He complains that he is not being provided "the same programs and rehabilitation opportunities that are available to inmates held in state facilities," and he lists six examples: (1) the opportunity to work and earn pay; (2) comparable technical training; (3) contact visitation privileges; (4) less favorable medical treatment (5) fewer recreation opportunities; and (6) less counseling.

## II.

28 U.S.C. §1915A directs district courts to screen prisoner complaints against governmental entities or officers or employees of those entities and dismiss a claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To state an adequate claim for relief, the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corporation v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted). While the court must accept the claimant's factual allegations as true, this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). (citation omitted). Plaintiffs must offer enough facts "to nudge" their claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570, and from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has "shown" that he is entitled to relief. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 679.

In order to state a claim for a violation of the Equal Protection Clause, a plaintiff must demonstrate that he has been treated differently from others similarly situated and that the disparate treatment was a product of purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) (citing City of Cleburne v. Cleburne living Ctr. Inc., 473 U.S. 432, 440 (1985)). Only after this showing is made should a court proceed to determine whether the disparate treatment can be justified under the requisite level of scrutiny.

Here, Adams does not allege facts plausibly showing that he is similarly situated to inmates received into the state correctional system,[1] see Khaliq v. Angelone, 72 Fed. Appx. 895 (4th Cir. 2003), that his treatment was the product of purposeful discrimination, or that there was no rational basis for the delay in placing him in the custody of the Department of Corrections. Id. (The State need not "articulate its reasoning at the moment a particular decision is made. Rather, the burden is upon the challenging party to negative any reasonably conceivable state of facts that could provide a rational basis for the classification.") (Quoting Board of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 367 (2001)). Accordingly, the court will dismiss Adams' complaint for failing to state a plausible claim for relief.

III.

For the reasons stated, the court will dismiss Adams' complaint pursuant to 28 U.S.C. §1915A for failing to state a plausible claim to relief.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTER**: This 29th day of November, 29, 2013.

United States District Judge

---

[1] Virginia Code § 53.1-20. B Provides that "[p]ersons convicted of felonies... and sentenced to the Department or sentenced to confinement in jail for a year or more shall be placed in the custody of the Department and received by the Director into the state corrections system within 60 days of the date on which the final sentencing order" is sent to the Director. If the director is unable to accommodate such a prisoner, then the Department of Corrections is required to compensate local jails for the cost of incarceration. Virginia Code §53.1-20.1.